# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-310-FDW

| | |
|---|---|
| JOHN LEWIS WRAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 8), as to Petitioner's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, and on Petitioner's Motion for Discovery of Documentation, (Doc. No. 12).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who on June 13, 2012, in Cleveland County Superior Court, was convicted after a second jury trial of possession with intent to sell or deliver ("PWISD") cocaine and attaining the status of habitual felon. Petitioner appealed and on August 6, 2013, the North Carolina Court of Appeals found no error. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013). On September 10, 2013, Petitioner filed a petition for discretionary review in the Supreme Court of North Carolina, which is still pending. (Doc. No. 9-8). The state filed a response on September 24, 2013. (Doc. No. 9-9). Petitioner was represented at his 2012 trial by Fred A. Flowers and on appeal by Charlotte Gail Blake. On November 25, 2013, Petitioner filed his habeas petition under § 2254.

On February 18, 2014, Respondent filed the pending motion for summary judgment.

(Doc. No. 12). On February 21, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 10). On February 27, 2014, Petitioner filed a response in opposition to the summary judgment motion. (Doc. No. 11). Petitioner contends in the petition that: (1) his state and federal constitutional rights were violated because he was never indicted; and (2) since he was out on bond there is no way he could have been indicted. In his handwritten attachment, Petitioner appears to also contend as a third ground for relief that (3) the trial court lacked jurisdiction because there was no indictment.

The North Carolina Court of Appeals summarized the facts underlying Petitioner's conviction as follows:

> In 2007, defendant was arrested and indicted for PWISD cocaine, sale of cocaine and for attaining the status of a habitual felon. At trial in Cleveland County Superior Court, although the trial court had appointed "three of the best lawyers in Cleveland County," appointed yet another attorney ("the fourth attorney") to represent defendant. After defendant told the court that he did not want to be represented by the fourth attorney, the court reminded defendant of the possible prison sentence he faced and asked him whether he was certain that he wanted to represent himself. The trial court found that defendant had forfeited his right to counsel and defendant proceeded to trial pro se. The jury was unable to reach a verdict on the sale of cocaine charge but found defendant guilty of PWISD cocaine and attaining the status of an habitual felon. The trial court sentenced defendant to a minimum of 136 months and a maximum of 173 months to be served in the North Carolina Department of Correction. Defendant appealed. This Court concluded that defendant might not have been competent to proceed pro se and "that the trial court erred by granting defense counsel's motion to withdraw and in ruling that [d]efendant had forfeited his right to counsel." State v. Wray, 206 N.C. App. 354, 371, 698 S.E.2d 137, 148 (2010) ("Wray I "). As a result, this Court reversed and remanded the case. Id.
>
> On 10 May 2011, the trial court filed a motion and ordered defendant's commitment to Central Regional Hospital for a period not to exceed sixty (60) days for observation and treatment to determine his capacity to proceed. In its order, the court included the reason for the commitment, stating "[t]he North Carolina Court of Appeals has determined that there is an issue concerning this

defendant's capacity to proceed." On 7 June 2011, defendant was examined and submitted to a capacity to proceed evaluation. Subsequently, a forensic psychiatrist determined defendant was capable to proceed on the pending charges. Since defendant was not represented by an attorney on 29 August 2011, the trial court appointed an attorney for defendant and modified his bond to $500.00, secured. On 9 April 2012, the Court found defendant was competent to proceed.

At the second trial, the State produced evidence that law enforcement officers worked with Philip West ("West"), a paid informant, on 27 September 2006, making controlled drug buys. Since West wore a recording device, the officers could hear what occurred when he made a purchase from defendant. When West returned to the officers, they downloaded a video of the interaction. The State played the video at trial. The State also produced evidence that West paid defendant $20.00 for less than 0.1 grams of cocaine.

The jury returned verdicts finding defendant guilty of PWISD cocaine, sale of cocaine, and attaining the status of an habitual felon. The trial court consolidated the offenses of PWISD cocaine and sale of cocaine and sentenced defendant to a minimum of 142 months and a maximum of 180 months in custody of the North Carolina Division of Adult Correction.

State v. Wray, 747 S.E.2d 133, 134-35 (N.C. Ct. App. 2013).

## II.     STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**B. Section 2254 Standard**

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we

4

would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the

5

asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

### III. DISCUSSION

#### A. Petitioner's First Ground for Relief

In Petitioner's Ground One, he contends that his state and federal constitutional rights were violated because he was never indicted. This claim is procedurally barred and, in any event, without merit. First, the record shows that the Grand Jury returned bills of indictment against Petitioner for PWISD cocaine and selling cocaine, in case 07 CRS 53249 and for attaining habitual felon status in case 07 CRS 3515 on July 16, 2007. (Doc. No. 9-3 at 4-5). Thus, Petitioner's Ground One is factually incorrect. Next, a review of Petitioner's appellate

6

briefs and petition for discretionary review shows he did not raise his current indictment claim even though he was in an adequate position to have done so. (Doc. Nos. 9-5; 9-7; 9-8). Thus, this claim is procedurally barred, and Petitioner has not shown cause or prejudice to excuse the default, nor has he shown fundamental unfairness. See N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (2013) (claim shall be denied when defendant was in an adequate position to have raised it in prior appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., "actual innocence"). See also Rose v. Lee, 252 F.3d 676 (4th Cir.) (North Carolina's postconviction procedural bar statute of section 15A-1419 is now mandatory), cert. denied, 534 U.S. 941 (2001) and Breard v. Pruett, 134 F.3d 615 (4th Cir.) (procedural default occurs when habeas petitioner fails to exhaust available state remedies and court to which petitioner would be required to present his claims in order to meet exhaustion requirement would now find claims procedurally barred), cert. denied, 523 U.S. 371 (1998).

Finally, to the extent that Petitioner is attempting to argue that the indictments are deficient this contention is without merit. Alleged errors or deficiencies in state court indictments do not warrant federal habeas relief unless they rendered the entire state court proceeding fundamentally unfair so as to amount to a deprivation of the defendant's right to due process. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). The indictments gave Petitioner adequate notice of the PWISD cocaine and selling cocaine charges, having achieved habitual felon status, and an opportunity to prepare a defense. Thus, the indictments did not render the entire state court proceeding fundamentally unfair.

### B. Petitioner's Second and Third Grounds for Relief

In Petitioner's Ground Two, Petitioner contends that because he was out on bond there is no way he could have been indicted. In Ground Three, Petitioner contends the trial court lacked jurisdiction because there was no indictment. Petitioner's contentions in Grounds Two and Three are merely a rephrasing or slight permutation of Petitioner's Ground One. Therefore, Petitioner's Grounds Two and Three are denied for the same reasons his Ground One is denied.

### IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 8), is **GRANTED**, and the petition is dismissed.

2. Petitioner's Motion for Discovery of Documentation, (Doc. No. 12), is **DENIED** as moot.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable

claim of the denial of a constitutional right).

Signed: March 11, 2014

Frank D. Whitney
Chief United States District Judge